In the Matter of the Application of FRANK A. JENSS, Petitioner, to Review the Action of MICHAEL S. NILAND, the Election Commissioner of the County of Niagara, for Failure to Provide Proper and Adequate Election Booths, Supplies, Equipment, etc., at the Republican Primary Election, Held in and for the City of Niagara Falls, Niagara County, New York, on the 20th Day of September, 1927, and for Other Relief.

Supreme Court, Niagara County, October 6, 1927.

Elections — primary election — application to set aside election on ground that sufficient voting booths were not furnished, under Election Law, § 85, and that irregularities occurred in canvass — no claim that irregularities affected result of election — application denied.

The petitioner contends that the primary election held in the city of Niagara Falls on the 20th day of September, 1927, was illegal and void and that it should be set aside and a new election ordered, and bases his contention on the alleged failure of the authorities to furnish the number of voting booths required by section 85 of the Election Law, and on certain irregularities in the canvass of the votes cast. The petitioner does not make any claim that the irregularities alleged affected the result of the election or that because thereof another election would produce a different result. Since the attack of the petitioner is merely as to the form of the election and not as to the substance, the application to set aside the election is denied.

APPLICATION to set aside the primary election held in and for the city of Niagara Falls, N. Y., on the 20th day of September, 1927, and for an order declaring the same void and illegal, and for a further order ordering a new primary election to be held in and for said city.

*Watts, Hunt & Findlay* [*George E. Carrie* of counsel], for the petitioner.

*George W. Knox*, appearing specially for Orville C. Butler and others.

*George M. Tuttle*, for the Election Commissioner.

*August Thibaudau*, for Mayor Laughlin, successful candidate.

LYTLE, J.   The petitioner, Frank A. Jenss, the unsuccessful candidate for nomination for the office of mayor on the Republican ticket, alleges that the commissioner of election had failed and neglected to provide adequate and sufficient voting booths at the polling places as required by the Election Law, and that, by reason thereof, certain irregularities occurred in that persons voting at said polling places were unable to use booths for marking their ballots and marked their ballots anywhere about the room in the presence of others.

The moving papers further indicate that the inspectors of election, after the closing of the polls, in canvassing and ascertaining the vote, did not canvass and ascertain the same as prescribed in the Election Law.    No claim is made that the irregularities complained of affected the result of the election.    No claim is made that, because of these irregularities, any elector was deprived of his right to vote or that those not entitled to vote were permitted to vote.

The answering affidavits filed in opposition to the application deny the irregularities complained of and allege that all duly enrolled voters were given an opportunity to cast their ballots in secret, and that all of the directions in the Election Law as to conduct of primary elections were duly complied with.    Affidavits of 118 of the 129 election inspectors have been filed tending to show that in their districts the election was conducted regularly in all respects.

The only question presented by this application is whether the alleged irregularities are such as would vitiate the entire election and necessitate the ordering of a new election.

The Legislature, in order to safeguard the purity of elections, has enacted certain rules and regulations for the conduct of elections. (Election Law, art. X.)    Presumably, all of the provisions have a purpose and, therefore, should be observed.    The alleged irregularities complained of by the petitioner are merely an attack upon the form of the election and not upon the substance, as no claim is made that these irregularities affected the actual merits of the election.    There is no proof to sustain the allegation of the petitioner that the commissioner of election failed to provide a sufficient and adequate number of voting booths at the polling places.    The petitioner, however, contends that under section 85 of the Election Law the commissioner of election has failed to provide the requisite number of voting booths at polling places, to wit, not less then one such booth for each 75 voters of the district.    The courts, however, have declined to set aside elections when the election officer failed to provide the requisite number of voting booths.    (*Muncy* v. *Duff*, 194 Ky. 303; *Varney* v. *Justice*, 86 id. 596; *Hardy* v. *Russell*, 181 id. 287; *People ex rel. Agnew* v. *Graham*, 267 Ill. 426.)

" Election statutes are to be tested like other statutes, but with a leaning to liberality in view of the great public purposes which they accomplish; and except where they specifically provide that a thing shall be done in the manner indicated and not otherwise, their provisions designed merely for the information and guidance of the officers must be regarded as directory only, and the election

MATTER OF VAIL.

will not be defeated by a failure to comply with them, providing the irregularity has not hindered any who were entitled from exercising the right of suffrage, or rendered doubtful the evidences from which the result was to be declared." (Cooley Const. Lim. [7th ed.] 928.)

At the primary election 7,282 persons voted and the successful candidate, Mayor Laughlin, for the nomination on the Republican ticket, received 4,419 votes, while the petitioner received only 2,863 votes. Although the petitioner claims that the ascertaining of the votes cast at this primary election was not in compliance with the requirement of the statute in a few of the districts, there is no claim made that this failure to canvass and ascertain the votes pursuant to statute in any way affected the result.

" Unless it is expressly declared by statute that the particular act is essential to the validity of the election, or that its omission will render it void, an election which appears to have been fairly and honestly conducted will not be vitiated by mere irregularities which are not shown to have affected the result. * * * It is the duty of the court to sustain an election authorized by law if it has been so conducted as to give a free and fair expression of the popular will, and the actual result thereof is clearly ascertained." (20 C. J. 180.) (To the same effect see *People* v. *Cook*, 8 N. Y. 67; 9 R. C. L. 1091–1093.)

The complaint of the petitioner, therefore, is merely as to the form of election and not as to the substance, with no question as to the correctness of the result. The application, therefore, for an order to set aside the election is denied.